THE D. L. & W. NO. 6 C.

THE OCEAN WAVE.

ROGERS v. TWO BARGES AND A CARGO OF COAL.

(District Court, S. D. New York. November 23, 1892.)

1. SALVAGE—BURNING BUILDINGS—TOWAGE FROM PIER.
    Where two barges, one worth $250, and the other, with her cargo, $650, were towed away from a wharf near which buildings had caught fire, and the results showed that their removal was reasonably necessary, but they would

probably have been removed in season by their owner, who was not on the scene at the outbreak of the fire, *held*, that the salving vessel should recover $100 in the case of the light barge, and $150 for the other barge and cargo.

2. SAME—LIBEL WITHOUT NOTICE—COSTS.

But as the barges were immediately libeled for salvage, without the salvor's reporting to their owner where the boats were or making known his claim, costs were disallowed.

In Admiralty. Libel by Robert Rogers against the barge D. L. & W. No. 6 C, and her cargo of coal, and the barge Ocean Wave, for salvage. Decree for libelant, without costs.

Carpenter & Mosher, for the libelant.
Edwards & Odell, for the D. L. & W. No. 6 C.
E. G. Davis, for the Ocean Wave.

BROWN, District Judge. At about 3 o'clock on the morning of May 6, 1892, a large fire occurred at the Abattoir occupying a block between Forty-Fifth and Forty-Sixth streets, and between the East river and First avenue. The pilot of the libelant's steam tug Champion saw the fire about the time of its breaking out, while he was passing in going up the East river to land a dumper at Sixtieth street. As soon as the dumper was landed, the Champion returned, and towed away from the bulkhead between Forty-Fifth and Forty-Sixth streets the two barges above named, in order to protect them from the fire. The tide being flood, they were first removed only to Forty-Third street; but that not being a safe place to leave them, they were taken down at about 6 o'clock A. M. to a proper landing at Twenty-Eighth street. On the same day at about 11 A. M. the above libel was filed for salvage. The barges were removed between 3 and half past 3 o'clock A. M., in the early stages of the fire. No one was aboard of them at the time, and no one was present in the immediate vicinity; but there were one or two fire boats above, near Forty-Sixth street, playing upon the fire. The buildings on the block were mostly brick buildings; but near the river front, between Forty-Fifth and Forty-Sixth streets, the end of the brick building was of wood, and wooden sheds ran within three or four feet of the stringpiece of the bulkhead, for most of the distance from Forty-Fifth to Forty-Sixth streets. Some inflammable matter was stored in the sheds, and all the buildings were consumed by the fire.

There has been considerable controversy concerning the actual danger to the barges, and their need of assistance. There was some wind at the time from the eastward, so that the fire worked, in the main, away from the river. It caught in a drying house, which was only some 60 or 75 feet from the river front, and the elevator, which was still nearer, was early on fire; and, as I have said, everything on the water front was consumed.

I have no doubt that the situation, therefore, was one in which the removal of the barges was reasonably necessary for their safety. Only a few minutes after they were moved, another boat was moved from the Forty-Sixth street pier, by another tug, after conference with the watchman in charge. There was nothing, however, specially inflammable about these two barges; and as they were several feet below the stringpiece, I do not think there was a necessity for

their instantaneous removal. It could not have been long after they were removed by the Champion, that the owner and his watchman came to the bulkhead; and had not the Champion already removed the boats, they would, no doubt, have been attended to by the owners, who could have made use, if necessary, of a small tug, which was not far distant. It is the policy of the law, however, to encourage promptitude and readiness to rescue property from danger by giving a suitable, but not excessive reward, according to the circumstances of each case.

The value of the boats in this case seems to have been quite small, not above $250 each; and the coal on board of one of them was of the value of about $400. One hundred dollars for the boat that was light, and $150 for the other boat and cargo will, I think, be a sufficient compensation in this case.

The complaints made of the great haste of the libelant in filing his libel within a few hours after the boats were taken to Twenty-Eighth street, before reporting even to the owners of the boats where the boats were, and without previously making known his claim, or endeavoring to adjust it, are, I think, well founded, and must prevent the allowance of costs. Decree accordingly.